IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ROSE MARY CLEWIS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-5208-L** |
| | § | |
| MEDCO HEALTH SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed January 2, 2013. After careful consideration of the motion, response brief, reply brief, record, and applicable authority, the court **denies** Plaintiff's Motion to Remand.

**I. Background**

Rose Mary Clewis ("Plaintiff" or "Clewis") initially filed this action against Medco Health Solutions, Inc. ("Defendant" or "Medco"), on October 22, 2012, in the 116th Judicial District Court, Dallas County, Texas. She asserted claims against Medco under the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"). Pl.'s Orig. Pet. 1, ¶ 1; 2, ¶ 8; 3-5, ¶¶ 17-19.

Medco removed the state case to federal court on December 20, 2012, contending that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. Plaintiff counters that this court lacks subject matter jurisdiction over this action and seeks a remand to state court.

## II. Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). As Medco removed on the basis of a federal question, the court will not discuss diversity of citizenship and the amount in controversy.

### B. Federal Question

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question

**Memorandum Opinion and Order – Page 2**

jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law.

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[T]he jurisdictional facts must be judged as of the time the complaint is filed," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); or if the case is removed, the court must examine "jurisdictional facts *as of the time* the case is removed." *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993) (emphasis in original), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, as Medco is removed the state case to federal court, it has the burden of establishing subject matter jurisdiction, which means it must show that Plaintiff's claim arises under federal law.

**III. Discussion**

Clewis contends that "Defendant has violated the American[s] [with] Disabilit[ies] Act, (ADA), and the Texas Commission on Human Rights Act (TCHRA), by denying, and or failing to reasonably accommodate the Plaintiff's disability." Pl.'s Orig. Pet. 1, ¶ 1; *see also* 2, ¶ 8. There is no question that Clewis, whether intended or not, pleaded a claim under the ADA, which is found at 42 U.S.C. § 1211 *et seq.* Clewis is therefore asserting a claim that is created by

**Memorandum Opinion and Order – Page 3**

or arises under federal law.  Accordingly, a federal question is present, and the court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. § 1331.   Further, as Plaintiff's TCHRA claim arises from the same facts as does the ADA claim, the court has supplemental jurisdiction over the TCHRA claim pursuant to 28 U.S.C. § 1367(a).

Contrary to Plaintiff's assertion, Medco is not asserting a federal defense, and Medco did not remove the state action to federal court based on a federal defense.  Medco removed the case to federal court because Plaintiff pleaded for and sought relief provided pursuant to a federal statute.  If Plaintiff had not sought relief under the ADA, she would be correct in stating that no basis exists for federal question jurisdiction; however, Plaintiff seeks federal relief pursuant to a federal statute, and this court has subject matter jurisdiction.

That Clewis filed "Plaintiff's Frist Amended Complaint," which appears to delete the ADA claim, is quite beside the point.  This document was filed in the 116th Judicial District Court, **after** the case has been removed to federal court, and is not the "live" or operative pleading.  To determine whether jurisdiction exists to remove a case, a court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno,* 276 F.3d at 723 (ctitaion omitted).  "Plaintiff's First Amended Complaint" was filed December 28, 2012, **eight days** after Defendant's Notice of Removal.  The court therefore may not consider "Plaintiff's First Amended Complaint" in determining whether federal question jurisdiction exists over this action.  If Plaintiff wishes to omit or delete her claim under the ADA, she must proceed in accordance with Federal Rule of Civil Procedure 15(a), which means that she must obtain Medco's or the court's consent to file an amended complaint that does not include an ADA claim, or file an amended complaint omitting the ADA claim within 21 days after Medco files a motion pursuant to Rule 12(b),(e), or (f).

## IV. Conclusion

For the reasons herein stated, this action arises under federal law, and this court has subject matter jurisdiction to hear it. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 1st day of March, 2013.

Sam A. Lindsay
United States District Judge