IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE MARY CLEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5208-L |
| | § | |
| MEDCO HEALTH SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Medco Health Solutions, Inc. has filed a motion to compel Plaintiff to re-sign HIPAA release forms authorizing Defendant to obtain Plaintiff's medical records containing information related to her alleged bipolar condition (the "Motion to Compel"). *See* Dkt. No. 55. Plaintiff filed a response opposing Defendant's motion on a number of grounds. *See* Dkt. No. 66. For the reasons stated herein, Defendant's Motion to Compel [Dkt. No. 55] is GRANTED.

Plaintiff has sued Defendant under Chapter 21 of the Texas Labor Code for discrimination based on her alleged disability and, specifically, for refusing or failing to make reasonable workplace or work-at-home accommodations and for terminating Plaintiff because of her disability. *See* Dkt. No. 34. Defendant, in its requests for production, called for Plaintiff to "Produce a completed and signed copy of the form, attached as Exhibit A, entitled 'Authorization to Release Medical, Psychological, and Psychiatric Information.'" Dkt. No. 56 at 2. Plaintiff objected to the request "because it seeks irrelevant information and it is not reasonably calculated to lead to the

discovery of admissible evidence. [Plaintiff's] psychological and psychiatric are not at issue here." *Id.* Despite Plaintiff's initial objections, the parties were ultimately able to come to an agreement whereby Plaintiff executed modified HIPAA release forms limited to disclosure of information related to her alleged bipolar condition. *See id.* However, after Defendant sent subpoenas to Plaintiff's health care providers, Plaintiff sent a letter to one or more of the providers withdrawing her consent to the release of the medical records. *See id.* Plaintiff admits that she revoked the HIPAA authorization but states that she only did so after 90 days. She further asserts that she had the express right to withdraw her authorization. *See* Dkt. No. 66 at 2 (citing Dkt. No. 57 at 14).

Plaintiff opposes the Motion to Compel for several reasons: (1) Defendant was not diligent in sending the signed authorizations to Plaintiff's health care providers; (2) Defendant cannot use Fed. R. Civ. P. 34 to compel an opposing party to sign an authorization for the release of medical records; and (3) Defendant's motion to compel is inconsistent with the HIPAA authorization.

First, although Plaintiff asserts that Defendant "did not use the [authorization] form diligently" because it waited 90 days to send the form to Plaintiff's healthcare provider, Plaintiff has not articulated why Defendant's purported lack of diligence provides a basis to deny the Motion to Compel. The discovery period remains open until October 4, 2013, *see* Dkt. No. 22, and Plaintiff has not pointed the Court to any agreement between the parties or any other court order or deadline that would require Defendant to move more quickly. Therefore, Plaintiff's argument that Defendant was

not diligent provides no basis to deny Defendant's Motion to Compel.

Next, Plaintiff highlights a line of authority that holds that Rule 34 is not a proper vehicle by which a party may be compelled to sign an authorization for the release of medical records, even if those records are relevant. *See Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008) (citing cases). The undersigned notes that there appears to be a split among district courts as to this issue. *See J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995) ("Requests for authorizations for the release of medical records can be properly ordered pursuant to Rule 34 but authorizations are not mandated."); *see also Arnold v. ADT Sec. Servs., Inc.*, No. 05-0607-cv, 2009 WL 1086949, at *3 (W.D. Mo. Apr. 22, 2009) (denying plaintiffs' motion for reconsideration of order compelling them to provide authorizations on the basis of Fed. R. Civ. P. 37(a)(5)(A)); *Lischka v. Tidewater Servs, Inc.*, Civ. A. No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) ("The cases almost universally hold, explicitly or implicitly, that Rule 34, along with Rule 37, empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents."). The United States Court of Appeals for the Fifth Circuit has suggested in dicta that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *See McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982) (suggesting that, when a party puts his or her physical condition at issue, a court can, upon proper motion, order him or her to sign a medical authorization). Nevertheless, on at least two occasions, district courts in the Fifth Circuit have rejected the dicta in *McKnight* and held that Rule 34 does not permit a party, or the court, to compel another party to sign a medical release. *See*

*Butler v. Louisiana Dept. of Public Safety and Corrections*, 3:12-cv-00420, 2013 WL 2407567, at *9 (M.D. La. May 29, 2013); *E.E.O. C. v. Resources for Human Development*, No. 10-03322, 2011 WL 3841066, at *1 (E.D. La. Aug. 31, 2011).

The Court, however, need not make a determination based on this issue. Plaintiff failed to object to Defendant's request for production on the basis that Rule 34 was an improper vehicle to request consent or on the basis of anything resembling the argument that Plaintiff now urges. Indeed, Plaintiff actually agreed to sign a limited HIPAA authorization release form.

There is substantial legal precedent supporting the general rule that, if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses that failure. *See, e.g.*, *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to ... production requests ... objections thereto are waived."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, Civ. No. H-7-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008) ("Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (internal quotation marks omitted). In this case, Plaintiff did object to Defendant's requests for production, and she may rely on her asserted objections. But it is simply too late for Plaintiff to raise new objections to the request that she sign a release that she already agreed to sign – and did sign.

Although the undersigned recognizes that the Court may excuse a failure to object when good cause is shown, good cause is not present here. A number of courts look to the following six factors when determining whether good cause exists: (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party. *See, e.g.*, *Enron Corp. Sav. Plan v. Hewitt Assocs, LLC*, 258 F.R.D. 149, 156 (S.D. Tex. 2009). In this case, the factors weigh against a finding of good cause. First, Plaintiff delayed her objections for at least 90 days, the period of time in which her signed release was in effect. Second, Plaintiff has failed to articulate a reason for the delay. Third, Plaintiff was dilatory in failing to raise her objection until less than a month before the discovery deadline in this case. Fourth, Defendant would be prejudiced were the Court to entertain Plaintiff's newly raised objection, because Defendant could have considered pursuing a mechanism other than Rule 34 had Plaintiff raised her objection in a timely fashion. Fifth, while the authority is perhaps unclear as to whether Defendant's request is properly framed, Defendant's request is not unduly burdensome – indeed, Plaintiff had previously consented to Defendant's request in limited form, which is all that Defendant now appears to urge. Finally, waiver would not impose an unreasonably harsh result on the defaulting party; rather, it would merely require

Plaintiff to continue with an agreement into which she has previously entered.

In light of the parties' prior agreement, the Court need not invoke the authority of Rule 34 to grant Defendant's Motion to Compel but, instead, holds the parties to their prior agreement. *See Lopez v. Cardenas Mkts., Inc.*, No. 2:11-cv-323, 2011 WL 4738111, at *4 (D. Nev. Oct. 5, 2011).

Finally, Plaintiff asserts that Defendant's Motion to Compel is inconsistent with the HIPAA authorization. Specifically, Plaintiff argues that the HIPAA authorization "pertains, in part, to [Plaintiff's] claims for emotional distress," whereas Defendant argues in its Motion to Compel "under 'nature and extent,' not emotional distress." Dkt. No. 66 at 3. The undersigned finds no inconsistency therein. Defendant seeks Plaintiff's discovery regarding the "nature and extent" of Plaintiff's alleged bipolar condition. *See* Dkt. No. 56 at 1. The HIPAA authorization form permits discovery of information related to Plaintiff's alleged bipolar condition. *See* Dkt. No. 66 at 3.

Although Plaintiff initially objected to Defendant's request for HIPAA authorization based on relevance, Plaintiff does not continue to urge this objection in her response. For the sake of completeness, the undersigned notes that medical records relating to Plaintiff's alleged bipolar condition – the disability that Plaintiff put at issue in her lawsuit – are certainly relevant to this litigation. *See, e.g., McKnight*, 667 F.2d at 482 ("[T]he documents or authority to copy them could have been obtained by a request under Rule 34, and while quite possibly (since McKnight's physical condition was put at issue by his demands) the court upon proper motion could have ordered him to sign such an authorization...."); *Sarko v. Penn–Del Directory Co.*, 170 F.R.D. 127, 128

(E.D. Pa. 1997) ("Still, to the extent that the records of any of the providers contain information relating to the nature of Plaintiff's alleged disability, her need for medication, or the side effects of the medication, they are clearly relevant under Rule 26(b)(1) to Plaintiff's ADA claim."); *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D. N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety."); *Whitbeck v. Vital Signs, Inc.*, 163 F.R.D. 398, 399-400 (D.D.C. 1995) (holding that an employee's medical records relating to the time prior to the date on which the employee sued, alleging her employer had failed to accommodate her physical handicap, were relevant and that, by initiating the lawsuit, the employee had directly put into issue her medical condition and disability status).

## Conclusion

Defendant's Motion to Compel [Dkt. No. 55] is GRANTED. Plaintiff shall, by **September 26, 2013**, re-sign the limited HIPAA authorization release form that she previously agreed to sign, and did sign, and Plaintiff shall not withdraw or revoke the authorization through the date of completion of discovery in this case.

SO ORDERED.

DATED: September 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE