**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSE MARY CLEWIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-5208-L** |
| | § | |
| **MEDCO HEALTH SOLUTIONS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

The Amended Memorandum Opinion and Order **vacates** the Memorandum Opinion and Order [Doc. No. 120] issued by the court on February 28, 2014. The Memorandum Opinion and Order [Doc. No. 120] included two exhibits, and each of the exhibits inadvertently included Plaintiff Rose Mary Clewis's date of birth and social security number, which were supposed to have been redacted. The court, upon discovering the error, immediately directed the clerk to place the Memorandum Opinion and Order under seal, which was done. The court now **issues** this Amended Memorandum Opinion and Order that includes the two exhibits with redacted dates of birth and social security numbers as originally intended by the court. The Amended Memorandum Opinion and Order changes nothing of substance with respect to the Memorandum Opinion and Order issued on February 28, 2014.

Before the court are Plaintiff's Motion to Remand, filed December 16, 2013; and Defendant's Motion to Dismiss, filed January 29, 2014. After careful consideration of the motions, responses, replies, record, and applicable law, the court **denies** Plaintiff's Motion to Remand; and **grants** Defendant's Motion to Dismiss.

**Amended Memorandum Opinion and Order – Page 1**

I.     **Plaintiff's Motion to Remand**

    A.     **Background**

Plaintiff Rose Mary Clewis ("Clewis" of "Plaintiff") initially filed this action against Medco Health Solutions, Inc. ("Defendant" or "Medco") on October 22, 2012, in the 116th Judicial District Court, Dallas County, Texas. She asserted claims against Medco under the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA").

Medco removed the state case to federal court on December 20, 2012, contending that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. Plaintiff countered that the court lacked subject matter jurisdiction over this action and sought to remand the action to state court.

The court ruled that it had subject matter jurisdiction and explained to Plaintiff that the filing of "Plaintiff's First Amended Complaint" on December 28, 2012, which appeared to delete her ADA claim did not deprive the court of subject matter jurisdiction because the amended pleading was filed after the action was removed, and the court could not consider the amended pleading in determining whether federal question jurisdiction existed. Ct.'s Mem. Op. & Order 4 (Mar. 1, 2013). The court denied Plaintiff's Motion to Remand. *Id.* at 1, 6.

On March 28, 2013, Clewis filed "Plaintiff's Amended Complaint and Jury Demand." Medco filed a motion to strike this pleading, and the court granted the motion to strike and struck the pleading on April 3, 2013. Clewis filed a motion for leave to file an amended complaint on April 23, 2013, and the court granted this motion on July 16, 2013, and allowed Plaintiff until July 23, 2013, to file the amended pleading. Clewis filed Plaintiff's Amended Complaint on July 22, 2013.

On September 12, 2013, Clewis filed Plaintiff's Second Amended Complaint, and Medco filed Defendant's Motion to Strike Plaintiff's Second Amended Complaint. The court denied the motion on October 16, 2013. Finally, on January 15, 2014, the court, upon motion of Medco, struck Plaintiff's Third Amended Complaint, and *sua sponte* struck Plaintiff's Fourth Amended Complaint. Accordingly, the operative or live pleading is Plaintiff's Second Amended Complaint.

In Plaintiff's Second Amended Complaint, Clewis asserts that Medco discriminated against her in violation of section 21.051 of the Texas Labor Code because of a disability. Specifically, Clewis contends that Medco refused or failed to make a reasonable workplace accommodation for her alleged bipolar disability and that Medco terminated her on September 24, 2012, because of her disability in violation of this statute, which prohibits disability discrimination. Plaintiff no longer asserts a claim under ADA, as it was not included in her Second Amended Complaint.

Clewis now contends that the action should be remanded because (1) her amended pleading asserts no federal cause of action, and (2) complete diversity of citizenship does not exist between the parties. As the court determines that it has supplemental jurisdiction over Plaintiff's claims, Plaintiff's argument regarding lack of complete diversity of citizenship is quite beside the point, and the court will not address this argument.

### B. Discussion

When a defendant removes an action to federal court because of the presence of a federal claim, a later amendment eliminating the federal claim that was the original ground for federal jurisdiction generally does not divest the federal court of jurisdiction. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346 (1998)) (other citation omitted). In deciding whether to exercise supplemental

jurisdiction, courts consider the statutory provisions of 28 U.S.C. § 1367(c) and "the balance of the relevant factors of judicial economy, convenience, fairness and comity." *Baptiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).  Whether the court decides to exercise jurisdiction depends on the "specific circumstances of the case at bar." *Id.* (citation omitted).  In this case, there are no novel or complex issues of law.  The Texas statute prohibiting disability discrimination is similar to the ADA, and applying Texas law presents no challenging, complex, or novel issues for the court to decide.  Further, this case has been pending in this court almost fifteen months, and the court issued an amended scheduling order on October 25, 2013, resetting the discovery deadline, pretrial deadlines, and trial date.  Discovery disputes that originated in the summer of 2013 have yet to be resolved, as Clewis continues to defy this court's orders and not provide a release for records as ordered.  The court is familiar with the case and problems associated with it.  If the case remains in the district court, judicial resources would be conserved, and there will be little chance of redundancy in that a state court would not have to "start from scratch" or rehash issues already dealt with by the federal court.  Further, if this case were remanded, final disposition would be delayed unnecessarily.  Therefore, the court concludes that the issues of comity, convenience, fairness, and judicial economy all weigh in favor of not remanding this action to the 116th Judicial District Court, Dallas County, Texas.  Accordingly, the court declines to remand this action and will exercise supplemental jurisdiction over Plaintiff's state law claims.

## II.     Defendant's Motion to Dismiss

### A.     Background

Medco seeks to dismiss this action with prejudice because, according to it, Clewis has repeatedly disobeyed court orders to produce a social security release form.  Clewis contends that

she has complied with the court's orders, a dismissal with prejudice is not in the interest of justice and fairness, Medco has not established that her conduct was intentional, and Medco's counsel has not been forthright with the court regarding receipt of the social security form.

To put this matter in perspective, the court sets forth relevant background facts. On September 4, 2013, the magistrate judge entered an order (Doc. 54) granting Defendant's Motion to Compel and denying Plaintiff's Motion to Quash in Response to Defendant's Motion to Compel. On September 17, 2013, Plaintiff filed objections to the order and appealed to this court. On November 5, 2013, the court overruled Plaintiff's objections and ordered Plaintiff to complete, sign, and send Defendant's counsel an original signed copy of the relevant form in Exhibit 1 to the Appendix in Support of Defendant's Motion to Compel. The court directed Plaintiff to comply with its order by November 15, 2013, and warned Clewis that she would be sanctioned if she failed to comply. Rather than comply with the court's order, Clewis filed Plaintiff's Motion for Reconsideration on November 15, 2013.

The court denied Plaintiff's Motion for Reconsideration on January 10, 2014, and again admonished Plaintiff that she was to comply with its initial order and provide to Defendant an original signed copy of the relevant form in Exhibit 1 to the Appendix in Support of Defendant's Motion to Compel. In denying Plaintiff's Motion for Reconsideration, the court, in light of Plaintiff's previous failure to comply with a court order, informed Clewis that it would not give her any further warnings and stated:

> The court directs Plaintiff to provide to Defendant an original signed copy of the relevant form in Exhibit 1 to the Appendix in Support of Defendant's Motion to Compel by January 21, 2014. If Plaintiff fails to provide the signed copy of the relevant form as herein ordered, the court will view such failure as willful and contumacious conduct, and this action will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with a valid court order.

Ct.'s Order 2, Jan. 10, 2014.

### B. Rule 41(b) Standard for Failure to Comply with a Court Order

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action by motion or *sua sponte* for a party's failure to prosecute or comply with a court order.[1] *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (footnote and citation omitted). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Circuit precedent provides that if lesser sanctions have proved futile, the court may dismiss an action with prejudice. *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984)

---

[1] Although the court uses Rule 41(b) as a basis for the dismissal of this action, Rule 37(b)(2)(A)(v) is equally applicable, and the court would reach the same result under Rule 37.

**Amended Memorandum Opinion and Order – Page 6**

(footnote omitted). The following factors must be present before a district court may dismiss with prejudice for a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *Berry v. Cigna/RSI—Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### C. Discussion

#### 1. Whether Willfulness and a Clear Record of Delay or Contumacious Conduct Exist

The history set forth in section II(A) and the conduct of Plaintiff as demonstrated in the ensuing paragraphs establishes that Clewis's refusal to comply is willful and shows a clear record of delay and contumacious conduct. The record amply demonstrates that Clewis has become entrenched and is unwilling to heed the court's orders.

As previously stated, the court ordered Clewis to provide an original signed copy of the relevant form in Exhibit 1 to the Appendix in Support of Defendant's Motion to Compel by January 21, 2014. Clewis did not sign this form but instead signed an altered form.[2] Exhibit 1 contains eight boxes of specific information that was to be released to Defendant. Clewis altered the release with respect to the seventh and eighth boxes. Box seven requested "Complete medical records

---

[2] The form that Clewis was directed to sign is attached as Exhibit 1, and the altered form that she signed and provided to Defendant is attached as Exhibit 2. The court, because of confidential and privacy concerns, has redacted Plaintiff's social security number and date of birth on both exhibits; otherwise, there is no change in either exhibit.

**Amended Memorandum Opinion and Order – Page 7**

from my claims folder(s)." Box eight requested "Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.) all applications, letters, and communications from Rose Mary Clewis relating to her qualifications and or request for social security benefits." With respect to Box seven, in the release provided to Medco, Clewis limited the scope of the release by adding "from 4/11/11– present." Regarding Box eight, Plaintiff unchecked it and added the following language in the blank space: "No Applicable     Non-Applicable     No Applicable     No Applicable."

Based on what the court ordered Plaintiff to provide to Defendant and what she actually provided, it is clear that she did not comply with the court's and magistrate judge's orders. Not only were her acts in blatant defiance of the court's orders, she unilaterally changed the scope of discovery and imposed her own brand of justice. The court warned Plaintiff on two occasions that she was to provide the release as ordered to Defendant. She refused to do so on both occasions. Not only did Clewis refuse to comply with a valid court order, she had the effrontery to alter what the court ordered her to do. Clewis "thumbed her nose" at the court, effectively declared that she would do whatever she pleased, the court's orders notwithstanding, and attempted to overrule and nullify the court's rulings when she modified its explicit order.

The refusal of Plaintiff to sign a release for the requested information has been going on for some time prior to August 20, 2013, the date Medco filed Defendant's Motion to Compel. Prior to this date, Medco had requested on several occasions that Plaintiff provide a release, and after six months, the release has not been provided as originally ordered by the magistrate judge and later by the court. Clewis's bellicose attitude is not limited to Defendant. Recently she chided the court because it struck her amended pleadings and issued the order doing so on January 15,

**Amended Memorandum Opinion and Order – Page 8**

2014, the birthday of Martin Luther King, Jr.[3] Clewis accused the court of being biased and lacking integrity when it struck Plaintiff's Third Amended Complaint and Plaintiff's Fourth Amended Complaint; and she lambasted the court for issuing an order on January 15, 2014, as a "slap in this Afro-American['s] face," and solemnly declared that the "court's action will not be tolerated." Pl.'s Objs. to the Ct.'s Order 5 (Jan. 21, 2014). As the motion to compel was filed in August 2013, history amply demonstrates that Clewis has no intention of providing a release as ordered.

The court has neither the time nor inclination to engage in a to-and-fro with Clewis. Also, the court will not explain further its rulings, as the bases for all of its rulings are set forth in its orders or opinions. Moreover, Clewis takes the rulings out of context, puts her own spin on them, and misstates the law. Further, the court cannot afford to consume scarce judicial resources with a litigant who makes nonsensical arguments and declares that she will not tolerate court rulings she deems to be erroneous and unfair. In that Medco filed Defendant's Motion to Compel on August 20, 2013, requesting the court to order Clewis to provide a release, and Clewis having not yet provided the release as ordered, the only logical and reasonable inference is that she will not follow the court's orders if she personally determines them to be erroneous or unfair. She has more than demonstrated her intent by proceeding in a manner contrary to the express directives of the court. Based upon the facts outlined, the court concludes that Clewis's conduct is willful and that her conduct has been accompanied by a clear record of delay and stubbornly defiant or contumacious conduct.

---

[3] The court fully recognizes that Martin Luther King's birthday was January 15th; however, it was celebrated on January 20, 2014, and this court, as well as all federal buildings, post offices, and most banks, was closed in observance of the Martin Luther King, Jr. holiday.

**Amended Memorandum Opinion and Order – Page 9**

2. Whether Willful and Contumacious Conduct Is Attributable to the Client

The court finds that this factor is satisfied. Clewis is proceeding *pro se*. There is no attorney to whom this conduct can be ascribed. All acts are those that Clewis has voluntarily and willingly elected to do. Clewis's conduct is based on choices she made personally. She cannot "pass the buck," as it stops with her.

3. Whether Plaintiff's Conduct Substantially Prejudices Medco

Medco has been attempting to obtain the information that is the subject of its motion to compel since the summer of 2013. Both the magistrate judge and court determined that the information Medco seeks is relevant to its defense. As of February 28, 2014, Plaintiff has not provided a release as ordered. For these reasons, the unnecessary delay has substantially prejudiced Medco. Discovery in this action ends on April 4, 2014, and Medco, at this late juncture, does not have all of the discovery to which it is entitled. As Medco has been denied key discovery, it is unable to defend itself adequately in this action.

4. Whether Less Severe Sanctions Will Achieve the Desired Deterrent Effect

In light of the court's stern warnings, few litigants would have the insolence or temerity to show such disregard for the court's orders as has Plaintiff. Clewis, as demonstrated by her recent filings, remains undeterred and is unlikely to have a change of heart. The court is convinced and finds that less drastic sanctions will not alter Clewis's conduct and that any sanction short of dismissal with prejudice is futile. History has predictive value, and Clewis's history and pertinacious conduct establish that she has no intention of complying with this court's previously issued discovery orders.

The court concludes that all four factors outlined in *Doe* have been met. Accordingly, dismissal of this action with prejudice is the appropriate sanction that must be imposed against Clewis for her willful and contumacious conduct in refusing to comply with the court's orders; and the court will dismiss this action with prejudice.

Clewis contends that dismissal with prejudice is unwarranted when a litigant fails to comply with only a few court orders. For support, she relies on language found in *Berry*, which states, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F. 2d at 1191 n.6, (citations omitted).

Plaintiff misreads *Berry*, and *Berry* is distinguishable from this case. In *Berry,* the district court dismissed the case solely because "Berry had failed to move for default judgment against Cigna." *Id.* at 1191. In *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal. Here, Clewis's conduct, as previously set forth, is intentional and willing. Moreover, as previously set forth by the court in section II (B), (C), the aggravating factors required by *Berry* before a court can dismiss for failure to comply with a court order are all present. Accordingly, *Berry* does not support Clewis's position.

### III. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Remand; and **grants** Defendant's Motion to Dismiss. The court therefore **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 4th day of March, 2014.

*[signature]*
Sam A. Lindsay
United States District Judge

# EXHIBIT 1

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO: Social Security Administration

| Rose Mary Clewis | ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ |
|---|---|---|
| *Name | *Date of Birth | *Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

*NAME                                *ADDRESS

Seyfarth Shaw LLP                    700 Louisiana, Suite 3700, Houston, TX 77002

*I want this information released because:  relevant litigation against prior employer
*There may be a charge for releasing information.*

*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

- [x] Social Security Number
- [x] Current monthly Social Security benefit amount
- [x] Current monthly Supplemental Security Income payment amount
- [x] My benefit/payment amounts from 1/1/2007 to present
- [x] My Medicare entitlement from 1/1/2007 to present
- [x] Medical records from my claims folder(s) from 1/1/2007 to present
  *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*
- [x] Complete medical records from my claims folder(s)
- [x] Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.) all applications, letters, and communications from Rose Mary Clewis relating to her qualification and/or request for social security benefits

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

*Signature: _____            *Date: _____

Relationship *(if not the individual)*: _____        *Daytime Phone: _____

Form SSA-3288 (07-2010) EF (07-2010)

**APPENDIX 7**

# EXHIBIT 2

Social Security Administration  
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (*signifies required field).*

TO: Social Security Administration

| Rose Mary Clewis | ▮▮▮▮▮ | ▮▮▮▮▮ |
|---|---|---|
| *Name | *Date of Birth | *Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

*NAME: Seyfarth Shaw LLP

*ADDRESS: 700 Louisiana, Suite 3700, Houston, TX 77002

*I want this information released because: relevant litigation against prior employer
*There may be a charge for releasing information.*

*Please release the following information selected from the list below:
You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.

[X] Social Security Number
[X] Current monthly Social Security benefit amount
[X] Current monthly Supplemental Security Income payment amount
[X] My benefit/payment amounts from 1/1/2007 to present
[X] My Medicare entitlement from 1/1/2007 to present
[X] Medical records from my claims folder(s) from 1/1/2007 to present
    *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*
[X] Complete medical records from my claims folder(s) from 4/11/11 — present
[ ] Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.). No Applicable  Non-Applicable  No Applicable  No Applicable

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

*Signature: Rose Mary Clewis   *Date: 1-17-14
Relationship (if not the individual): self   *Daytime Phone: 817.797.7570

Form SSA-3288 (07-2010) EF (07-2010)

APPENDIX 9